MATILDE RÍOS OVALLE, Plaintiff and Appellant, *v.* MANUEL ROSALY Y HOSTA ET AL., Defendants and Appellees.

No. 7059. Argued June 10, 1935.—Decided June 14, 1935.

*F. Zapater* and *Raúl Matos* for appellant.   *C. Olivieri* for appellees.

Mr. Justice Aldrey delivered the opinion of the court.

The appellees have asked us to dismiss this appeal because the appellant's brief does not comply with Rules 42, 43, and 60 of the court and because the grounds of appeal are frivolous.

A married person granted a life annuity *(pensión)* to the plaintiff.   After the death of the grantor, an action was brought against his widow and children to enforce the payment of said annuity, but the court adjudged only the widow to pay, who confessed the action, on the ground that as property had been allotted to her for the payment of the annuity, there had been a novation of the obligation as far as the obligor was concerned, and that the children were not liable; a conclusion which is claimed to be erroneous in the first assignment of error.   The second assignment is predicated on the solution of the conflict in the evidence in favor of the defendants.   The third refers to the fact that costs were not imposed on the defendants.

The appellant's brief contains a statement of the case and a separate assignment of errors, and although the appellant discussed the first two assignments jointly, that is no ground for dismissing the appeal, since both refer to the sufficiency of the evidence to sustain the judgment as to whether it was shown that there was a novation of the original obligation because the original debtor had been substituted by another person.

As to the error in regard to costs, the appellant confines herself to the statement that the defendants' obstinacy is manifest; which, to our mind, depends on whether the

defendant children are also liable for the payment of the annuity. As the appellant has not violated Rules 42 and 43 of this court, Rule 60 does not apply; and as the grounds of appeal urged are not frivolous, the motion to dismiss the appeal must be denied.